Geoffrey C. Angel
ANGEL LAW FIRM
803 West Babcock
Bozeman, Montana 59715
Telephone (406) 922-2210
Facsimile (406) 922-2211
christianangel@hotmail.com

Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| BETHANY NIMAN, RILEY BENNETT, JORA BOLENA, KASEY CALWELL, URSULA CASEY, BRIAN HAGAN, MIRANDA STARR, ELIZABETH VICENCIO, and MADISON WARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MONTANA UNIVERSITY SYSTEM, UNIVERSITY OF MONTANA-MISSOULA, CLAYTON CHRISTIAN, BRIANNE ROGERS, TODD BUCHANAN, JOYCE DOMBROUSKI, CASEY LOZAR, LOREN BOUGH, JEFF SOUTHWORTH, NORRIS BLOSSOM, MARIA MANGOLD, and SARAH CORBIN,<br><br>Defendants. | Cause Number CV-23-<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COME NOW** plaintiffs above named, individually and on behalf of all others similarly situated, through their counsel of record Geoffrey C. Angel, and for their claims for relief allege:

## NATURE OF ACTION

1. This action is brought by the named plaintiffs against defendants for violation of their civil rights pursuant to 42 U.S.C. §§ 1983, et seq.

2. 42 U.S.C. § 1983 creates a private right of action when an individual state actor, acting under color of state law, violates plaintiff's right to Due Process and Equal Protection guaranteed by the Fourteenth Amendment to the United States Constitution.

3. The Montana University System and the University of Montana-Missoula, acting through its employees and agents, has a duty to protect students against unlawful conduct, to ensure students are properly classified and to indemnify the individual named defendants.

4. Defendants interacted with plaintiffs when they adopted, published or applied Board of Regents Policy 940.1 and Policy 203.5.2 to defeat plaintiffs' legitimate rights to in-state tuition.

5. Defendants apply Policy 940.1 and 203.5.2 to impose upon plaintiffs a 12-month waiting period which violates their rights to Due Process and Equal Protection guaranteed by the Fourteenth Amendment to the United States Constitution.

6. Defendants apply Policy 940.1 and 203.5.2 to impose irrebuttable presumptions of non-residency based upon a student's pursuit of a professional degree in law, physical therapy or pharmacy and/or pursuit of higher education with a 7 or more credit load.

7. Defendants apply Policy 940.1 and 203.5.2 to deny in-state residency if a student is financially dependent on out-of-states sources.

8. Defendants apply Policy 940.1 to impose upon plaintiffs a heightened standard of proof based upon a student's credit load.

9. Defendants interacted with plaintiffs to enforce these policies, despite clear law to contrary, to charge out-of-state tuition that is disproportionate to the benefit conferred on the University by resident taxes.

10. Defendants' actions violated clearly established law.

11. <u>Bethany Niman</u> Mrs. Niman attends the University of Montana School of Law. She matriculated in August 2021 and will continue through December 2023. Mrs. Niman moved to Montana on July 1, 2021. Her husband has been continuously employed in Montana. They registered their vehicle in Montana in September 2021. Mrs. Niman obtained her Montana driver's license in October 2021. The couple filed Montana tax returns since 2021. Mrs. Niman moved to Montana from Oklahoma and was registered to vote there when she lived in Oklahoma. Mrs. Niman's right to vote ended when she moved to Montana. Mrs. Niman registered to vote in Montana in April 2022. Mrs. Niman applied for reclassification and defendants Corbin, Mangold, Christian, Rogers, Buchanan, Dombrouski, Lozar, Bough, Southworth and Norris applied the 12-month waiting period, the exclusion for a professional degree student and imposed a heightened burden of proof for a student taking 7 or more credits to deny in-state tuition.

12. <u>Riley Bennett</u>  Mr. Bennett attends the University of Montana in pursuit of a degree in physical therapy.  He matriculated in August 2021 and will continue through May 2024.  Mr. Bennett moved to Montana in August 2021.  He has been continuously living in Montana since moving from South Dakota.  Mr. Bennett obtained a Montana driver's license in August 2021.  He registered his vehicle in Montana and registered to vote in Montana in September 2021.  He paid Montana taxes as a part-year resident in 2021 and continues to pay Montana taxes as a resident of Montana.  He tried to buy a house in July 2021.  Mr. Bennett's wife has been continuously employed in Montana since August 2021.  Mr. Bennett applied for reclassification and defendants Corbin, Mangold, Christian, Rogers, Buchanan, Dombrouski, Lozar, Bough, Southworth and Norris applied the 12-month waiting period, the exclusion for a professional degree student and imposed a heightened burden of proof for a student taking 7 or more credits to deny in-state tuition.

13. <u>Jora Bolena</u>  Mr. Bolena attends the University of Montana in pursuit of a degree in pharmacy.  He matriculated in the Fall of 2019 and will continue through June 2023.  Mr. Bolena moved to Montana in August 2018.  Mr. Bolena obtained a Montana driver's license in January 2022. Mr. Bolena obtained employment and paid state income tax as a resident beginning in February 2021 to present.  Mr. Bolena applied for reclassification and defendant Corbin applied the 12-month waiting period, the exclusions for a professional degree student and dependence on out-of-state sources and imposed a heightened burden of proof for a student taking 7 or more credits to deny in-state tuition.

14. <u>Kasey Calwell</u>  Mr. Calwell attends the University of Montana in pursuit of a degree in physical therapy.  He matriculated in the Fall of 2020.  Mr. Calwell moved to Montana and registered to vote in August 2020, got a Montana driver's license in February 2021 and registered his vehicle in Montana in January 2022.  The delays to obtain a driver's license and registration were unavoidable and due to the COVID-19 epidemic.  Mr. Calwell has been employed and filed income tax returns as a resident since 2021.  He is financially dependent on out-of-state sources.  Mr. Calwell applied for reclassification and defendants Corbin, Mangold, Christian, Rogers, Buchanan, Dombrouski, Lozar, Bough, Southworth and Norris applied the 12-month waiting period, the exclusion for a professional degree student and a student dependent on out-of-state sources, and imposed a heightened burden of proof for a student taking 7 or more credits to deny in-state tuition.

15. <u>Ursula Casey</u>  Ms. Casey attends the University of Montana in pursuit of a degree in physical therapy.  She matriculated in the Fall of 2020.  Ms. Casey moved to Montana in August 2020.  In September 2020 she registered to vote in Montana and in December 2020 she registered her vehicle in Montana.  Ms. Casey paid taxes in Montana as a resident since 2021.  She obtained a Montana driver's license in 2022.  Ms. Casey applied for reclassification and defendants  Corbin, Mangold, Christian, Rogers, Buchanan, Dombrouski, Lozar, Bough, Southworth and Norris applied the 12-month waiting period, the exclusion for a professional degree student and imposed a heightened burden of proof for a student taking 7 or more credits to deny in-state tuition.

16. <u>Brian Hagan</u>.  Mr. Hagan read the Board of Regents Policy 940.1 and upon learning that a law student is ineligible for reclassification during their term of studies did not apply for reclassification.  He moved to Montana in July 2020 and has maintained a year round home since then.  He has no ties to any other state.  Mr. Hagan matriculated into the school of law in August 2020.  Mr. Hagan obtained his driver's license, registered to vote, registered his vehicle and paid Montana income tax in 2020.  Mr. Hagan obtained a license in Certified Public Accounting from the state of Montana when he moved her in 2020.  Mr. Hagan is a bona fide resident of Montana.  He was charged nonresident tuition during his entire term of studies.

17. <u>Miranda Starr</u>  Ms. Starr attends the University of Montana in pursuit of a degree in physical therapy.  She matriculated in the fall of 2020.  Ms. Starr moved to Montana in August 2020.  She obtained her Montana driver's license and registered her vehicle in August 2022.  Ms. Starr applied for reclassification and defendants Corbin, Mangold, Christian, Rogers, Buchanan, Dombrouski, Lozar, Bough, Southworth and Norris applied the 12-month waiting period, the exclusion for a professional degree student and imposed a heightened burden of proof for a student taking 7 or more credits to deny her in-state tuition.

18. <u>Elizabeth Vicencio</u>  Ms. Vicencio attends the University of Montana School of Law.  She matriculated in the Fall of 2020.  Ms. Vicencio moved to Montana in August 2020.  She obtained her Montana State ID in August 2020 and registered to vote in Montana in September 2020.  In March 2021 she registered her vehicle in Montana and in

1  September 2022 she got a Montana driver's license.  Ms. Vicencio
2  paid taxes in Montana as a resident since 2021.  Ms. Vicencio applied
3  for reclassification and defendants Corbin, Mangold, Christian,
4  Rogers, Buchanan, Dombrouski, Lozar, Bough, Southworth and
5  Norris applied the 12-month waiting period, the exclusion for a
6  professional degree student and imposed a heightened burden of
7  proof for a student taking 7 or more credits to deny her in-state
8  tuition.

19. Madison Ward  Ms. Ward attends the University of Montana in pursuit of a degree in pharmacy.  She matriculated in the Fall of 2019.  Ms. Ward moved to Montana in August of 2017.  Ms. Ward has filed taxes in Montana since 2021 as a resident of Montana.  She receives more than 50% of her support from her parents in Washington.  Ms. Ward registered to vote in Montana in August 2022.  Ms. Ward has resided full-time in Montana for six years.  Ms. Ward applied for reclassification and defendants  Corbin, Mangold, Christian, Rogers, Buchanan, Dombrouski, Lozar, Bough, Southworth and Norris applied the 12-month waiting period and the exclusion for a professional degree student to deny her in-state tuition.

20. The Fourteenth Amendment provides 'no state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States nor deprive any person of property without due process of law.

21. In *Vlandis v. Kline, 412 U.S. 441, 452 (1973),* the United States Supreme Court held a state university's 'permanent and irrebuttable

presumption of nonresidence' violates Due Process.

22. Policy 940.1 states 'an out-of-state student admitted to a professional degree program is not eligible for reclassification as an in-state resident and shall remain classified as an out-of-state student for the duration of the student's enrollment in the professional program."

23. "[T]he term 'professional degree program' means a program of law, pharmacy or physical therapy."

24. The right to be free from an irrebuttable presumption of non-residency has been clearly established law since *Vlandis* was decided 50 years ago.

25. In *Carlson v. Reed, 249 F.3d 876 (9th Cir. 2001)*, the Ninth Circuit held that "a state violates due process where it creates a university tuition rate scheme that purports to be concerned with residency, but then applies an irrebuttable presumption precluding those 'seeking to meet its test of residency the opportunity to show factors clearly bearing on the issue.'" *Carlson, 249 F.3d at 881 citing Weinberger v. Salfi, 422 U.S. 749, 771 (1975).*

26. Plaintiffs were each subject to an impermissible 12-month waiting period in violation of the rights of Due Process and Equal Protection guaranteed by the Fourteenth Amendment to the United States Constitution.

27. Plaintiffs were each charged out-of-state tuition disproportionate to

the benefit conferred upon the state by its citizens through tax contribution in violation of the right to Equal Protection guaranteed by the Fourteenth Amendment to the United States Constitution.

28. One class of plaintiffs were subject to a permanent exclusion from in-state tuition based on the pursuit of a professional degree.

29. Defendants applied 940.1 to preclude reclassification for a student in pursuit of a full-time professional degree program in law, pharmacy and physical therapy.

30. The Policy requires 'any out-of-state student to remain in that status throughout the duration of a professional degree program.' 'Therefore, a student admitted as an out-of-state student is not eligible for residency in subsequent years of the program.'

31. One class of Plaintiffs were subject to a permanent exclusion from in-state tuition based on financial dependence on one or more out-of-state sources.

32. These conclusive presumptions are invalid in that they allow the state to classify as 'out-of-state students' those we are, in fact, bona fide residents of the State.

33. "Assuming that it is permissible for the state to impose a heavier burden of tuition and fees on non-resident than resident students, the state may not classify as 'out of state students' those who do not belong in that class." *Vlandis v. Kline, 412 U.S. 441 (1973) citing*

*Vlandis v. Koine*, 346 F.Supp. 526, 528 (D. Conn. 1972).

34. A student's dependence on in-state versus out-of-state sources is not a legitimate indicia of residency.

35. A student's credit load is not a legitimate indicia of residency.

36. A student's pursuit of a professional degree is not a legitimate indicia of residency.

37. One c lass of Plaintiffs were improperly subjected to a heightened burden of proof based on a credit load of 7 or more credits in pursuit of higher education.

38. There is no statistical or logical correlation between a student's credit load and his or her state of residency.

39. As a consequence of all of the above, plaintiffs were charged and continue to be charged out-of-state tuition contrary to their bona fide Montana domocile, residency and citizenship.

**APPLICABLE FEDERAL LAW**

40. Plaintiffs' claims are being brought pursuant to 42 U.S.C. §§ 1983.

41. Jurisdiction is proper in Federal District Court under 28 U.S.C. § 1331 because this case presents a federal question.

42. Venue is proper in the Missoula Division of the Federal District of

1  Montana because plaintiffs are residents of Missoula, Missoula
2  County, Montana.

### COUNT-1-VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §§ 1983-1988

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as if fully set forth herein.

44. This is a class action under Federal Rule of Civil Procedure 23(a), 23(b)(1), and 23(b)(2).

45. <u>Class Description.</u>  The class of plaintiffs in this case is described as:

**Class One**
Each bona fide resident of Montana classified as a nonresident, delayed or denied reclassification, based on a twelve-month waiting period.

**Class Two**
Each bona fide resident of Montana classified as a nonresident, or denied reclassification, based on the pursuit of a professional degree in law, pharmacy or physical therapy.

**Class Three**
A bona fide resident of Montana classified as a nonresident, or denied reclassification, based on a presumption of nonresidence due to a student's credit load.

**Class Four**
Each bona fide resident of Montana classified as a nonresident, or denied reclassification, based on financial dependence on an out-of-state source.

**Class Five**
Each nonresident student, or bona fide resident of Montana , charged out-of-states tuition disproportionate to the funding provided to the University through funds derived from taxes received from residents.

46. <u>42 U.S.C. §§ 1983</u>.  Defendants directly violated plaintiffs' rights to Due Process and Equal Protection guaranteed by the Fourteenth Amendment to the United States Constitution.

47. <u>Time Limit</u>.  The class includes each student who attended the

Montana University System for any period of time during the three-years preceding the filing of the complaint to the time of trial who meets one or more class definitions.

48. <u>Geographic Limit</u>.  The class includes all students who attended the Montana University System.

49. <u>Damages</u>.  Plaintiffs, and each class member, paid more tuition than in-state students during the time they meet one or more class definitions and seek to recoup the difference together with general damages, interest, costs and attorney fees.  Plaintiffs also seek declaratory and injunctive relief.

50. <u>Numerosity of Class.</u>  The class is so numerous that joinder of the members is impractical.  The frequency and persistence of Defendants' acts are so widespread that joinder of all members of the class is impracticable.

51. <u>Commonality of Questions.</u>  This lawsuit challenges the application of the Board of Regents Policy 940.1 which was done systematically in a manner common to all class members.

52. <u>Typicality of Claims.</u>  Plaintiffs are members of the class, and their claims are typical of all Class Members.

53. <u>Adequacy of Representation.</u>  Named Plaintiffs are members of the class and have suffered a violation of their rights at the hands of Defendants.  Plaintiffs are represented by competent counsel with

experience in class actions and counsel will fairly and adequately protect the interests of the class. Plaintiffs and counsel have adequate resources to maintain the class action.

54. <u>Consistency of Adjudication.</u>  The class is large in number and widely disbursed. The prosecution of separate actions by fewer than all members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards for enforcement and which, as a practical matter, would dispose of the interests of the other Class Members not parties to this adjudication or would substantially impair or impede their ability to protect their interests.

55. <u>Class-Wide Relief.</u>  Defendants have acted and continue to act on grounds generally applicable to the class, making final class-wide relief appropriate.

56. <u>Superiority of Class Action.</u>  The questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other available method for fair and efficient adjudication of the controversy.

57. <u>Modification of Class Action Allegations.</u>  As further information is gathered, Plaintiffs may modify the paragraphs in this section in an anticipated class certification motion and brief in support.

**WHEREFORE**, the plaintiffs pray for judgment against defendants:

1. For one or more orders certifying a class of all similarly situated individuals;
2. For an order declaring defendants' conduct unlawful;
3. For an order enjoining defendants from engaging in similar conduct in the future;
4. For all special and general damages due to defendant's violation of plaintiffs' civil rights;
5. Costs, including reasonable attorney fees under the Civil Rights Act 42 U.S.C. § 1988.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all issues of fact.

DATED this 29th day of June 2023

/s/ Geoffrey C. Angel
Geoffrey C. Angel
ANGEL LAW FIRM
Attorney for Plaintiff